# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

ERIC ROELLCHEN,

                    Plaintiff,

*vs.*                              Case No.: 1:20-cv-00193

EGS FINANCIAL CARE, INC.,

                    Defendant.

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, ERIC ROELLCHEN ("ROELLCHEN") against Defendant, EGS FINANCIAL CARE, INC. ("EGS"), based on the following:

## I.    PRELIMINARY STATEMENT

1. This action arises from practices engaged in by Defendant when attempting to collect consumer debts that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are

not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000. *Id.*

11. Plaintiff seeks such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.     PARTIES

12. ROELLCHEN is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in the City of Appleton, Calumet County, Wisconsin.

13. EGS is a for-profit limited liability corporation formed under the laws of the Commonwealth of Pennsylvania.

14. On information and belief, EGS maintains its principal place of business at 400 Horsham Road, Suite 130, Horsham, Pennsylvania.

15. The registered agent for EGS in Wisconsin is the Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

### III.  JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV.  FACTS

18. EGS regularly engages in the collection of defaulted consumer debts.

19. EGS regularly engages in the collection of defaulted consumer debts owed to others.

20. EGS is a business the principal purpose of which is the collection of defaulted consumer debts.

21. In attempting to collect debts, EGS uses the mail, telephone, internet, and other instruments of interstate commerce.

22. EGS mailed a letter dated February 7, 2019 (the "Letter") to ROELLCHEN.

23. A true and correct copy of the Letter is attached as *Exhibit A*, except that portions of the Letter have been redacted.

24. The Letter alleged ROELLCHEN had incurred and defaulted on a financial obligation (the "Debt") owed to Synchrony Bank.

25. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes.

26. The Debt was placed with EGS for purposes of collection.

27. The Letter was EGS's first written communication to ROELLCHEN attempting to collect the Debt.

28. The top of the Letter stated, in relevant part:

> AMOUNT NOW DUE: $315.00
> TOTAL ACCOUNT BALANCE: $1722.00

29. The body of the Letter stated, in relevant part:

> The named creditor has placed the above account with our office for collection. Please enclose your check or money order. If you need to speak to a representative, you may call us at 877-278-5297.
>
> . . . .
>
> Your account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law.

30. The Letter also contained a payment coupon, which included in relevant part the following:

| Account # | TOTAL ACCOUNT BALANC |
|---|---|
| xxxxxxxxxxxx5500 | $1722.00 |
| ERIC ROELLCHEN | AMOUNT NOW DUE: $315.00 |

31. The unsophisticated conumer would be confused about whether EGS was collecting the entire $1,722.00 "TOTAL ACCOUNT BALANCE" or just the $315.00 "AMOUNT NOW DUE".

32. The statements that "the named creditory has placed the above account with our office" and "[y]our account balance may be periodically increased due to the addition of accrued interest or other charges" suggests that EGS is attempting to collect the total account balance.

33. The statement "[y]our account balance may be periodically increased due to the addition of accrued interest or other charges" is also confusing because if fails to state what impact the continued assessment of "interest and other charges" has on the "AMOUNT NOW DUE."

34. The Letter also does not explain whether "AMOUNT NOW DUE" includes the current installment (*i.e.*, the amount that will become due at the end of the billing cycle) or including the past due amounts (*i.e.*, missed payments and fees).

35. Some banks hire debt collectors to attempt to collect the current installment along with the past due amount. On the face of the Letter, it is impossible to determine whether EGS is seeking only the amount necessary to bring the account current as of the date of the Letter, or is seeking the total minimum payment, including the curent installment, which would not only bring the account current but would keep the account current for an additional month and prevent the account from charging off.

36. The Letter deprived ROELLCHEN of truthful, non-misleading information in connection with EGS's attempt to collect a debt.

### V. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

38. EGS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

40. ROELLCHEN is a "consumer" as defined by 15 U.S.C. § 1692a(3).

41. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

42. The use and mailing of *Exhibit A* by EGS violated the FDCPA in one or more following ways:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

   (b) Using a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   (c) Using a false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e(10); and

   (d) Failing to disclose the amount of the Debt in a clear and unambiguous fashion in violation of 15 U.S.C. § 1692g(a)(1).

## VI.   PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff demands judgment against, Defendant as follows:

   (a) An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   (b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   (c) An award of actual damages to Plaintiff to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff; and,

   (d) For such other and further relief as may be just and proper.

## VII.   JURY DEMAND

44. Trial by jury is demanded on all issues so triable.

Dated: February 7, 2020

                *s/Francis R. Greene*
                  *Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar #2014155)
    *Attorneys for Plaintiff Eric Roellchen*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Katelyn@SternThomasson.com